IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRIENDA HOLDINGS, LLC,

                      Plaintiff,                        OPINION AND ORDER

       v.                                             14-cv-730-wmc

WILBERT, INC.,

                      Defendant.

---

In this civil action, plaintiff Trienda Holdings, LLC, alleges that: (1) defendant Wilbert, Inc., breached a lease for rental of real property; and (2) it is entitled to specific performance requiring Wilbert to sell the property to Trienda pursuant to the lease, for $2,450,000. (Compl. (dkt. #1).) Plaintiff originally filed this action in the Circuit Court for Columbia County, Wisconsin. Pursuant to 28 U.S.C. §§ 1441 & 1446, defendant timely removed it on the basis of this court's diversity jurisdiction, 28 U.S.C. § 1332(a). (Not. of Removal (dkt. #1).) Because the allegations in the complaint and notice of removal are insufficient to determine if this case falls within the court's diversity jurisdiction, Wilbert, Inc., will be given an opportunity to file an notice of removal containing the necessary factual allegations to establish diversity of citizenship.[1]

---

[1] The court would be remiss not to note that this is the *second* time this year the court has ordered defendant's law firm to file an amended notice of removal because of deficiencies in pleading diversity. *See VPP Group, LLC v. Total Quality Logistics, LLC*, No. 13-cv-185-wmc (W.D. Wis. January 7, 2014) (dkt. #51). Defendant's law firm is encouraged to ensure all of its lawyers practicing before this and other federal courts are educated on the standards for properly pleading subject matter jurisdiction, especially with respect to diversity of citizenship.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a pleading alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendant contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Not. of Removal (dkt. #1) ¶ 7.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Unfortunately, defendant's allegations as to plaintiff Trienda Holdings, LLC prevent this court from determining its citizenship.

"The citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Plaintiff alleges in its complaint that it is "an Oklahoma limited liability company with a principal place of business" in Tulsa, Oklahoma. (Compl. (dkt. #1) ¶ 1.) Defendant recites this allegation in its notice of removal, but also states that Trienda is "upon information and belief *along with its members*, a citizen of the State of Oklahoma and no other state." (Not. of Removal (dkt. #1) ¶ 4 (emphasis

2

added).)  Without identifying the members of Trienda, however, defendant has no basis for asserting that Trienda's members are citizens of Oklahoma, especially given that "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."  *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).   There are no allegations in the complaint or in the notice of removal which would support defendant's conclusory allegation that Trienda Holding, LLC's members are citizens of Oklahoma.  Absent more, defendant has not met its burden of establishing jurisdiction.

Before dismissing this action for lack of subject matter jurisdiction, defendant will be given leave to file within 14 days an amended notice of removal that establishes subject matter jurisdiction by alleging the names and citizenship of each member of the plaintiff LLC.  In alleging the LLC's citizenship, defendant should be aware that (1) an individual's citizenship is determined by where he or she is "domiciled," *see Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012), and (2) if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well, *see Meyerson*, 299 F.3d at 617.

ORDER

IT IS ORDERED that:

1) defendant shall have until November 20, 2014, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

3

2) failure to amend timely shall result in prompt remand of this matter for lack of subject matter jurisdiction.

Entered this 6th day of November, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4